UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re                                                  No. C-15-2729 EMC (pr)

CHRISTOPHER ROWLAND,

           Plaintiff.                        **ORDER**
_____/

This action was opened on June 18, 2015, when the Court received from Christopher Rowland a letter concerning his prison conditions. On that date, the Court notified Mr. Rowland in writing that his action was deficient in that he had not attached a complaint and had not filed an *in forma pauperis* application. The Court further notified him that this action would be dismissed if he did not submit a complaint within twenty-eight days. Mr. Rowland has sent to the court a letter asking two questions. His first question is whether "the special master investigator (Federal) investigator will investigate" if he files a complaint. Docket # 5. (In a later letter, Docket # 8), he asked for the FBI to investigate his claims.) The short answer is that the Court adjudicates disputes that parties have investigated; the Court does not conduct investigations nor will it order the FBI or a special master investigator to investigate on a plaintiff's behalf.

Mr. Rowland's second question is whether he can have an extension of the deadline to file his complaint and/or to exhaust his administrative remedies and/or to excuse the exhaustion requirement. *See* Docket # 5, # 8. The answer to that question is rather complicated. Mr. Rowland should not file a complaint until after he has exhausted his administrative remedies because the general rule is that an action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he files suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449

F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Since Mr. Rowland has not yet exhausted administrative remedies, if he decides that he will file an action after he exhausts his administrative remedies, he should immediately send to the Court a short letter stating that he did not intend to file an action yet. If he sends that letter, he can avoid a filing fee in this action and instead will only owe one filing fee when he files his new action. Otherwise, he will owe a filing fee in this action, even if it is dismissed due to nonexhaustion of administrative remedies or failure to file a complaint or *in forma pauperis* application. And if this action is dismissed for nonexhaustion, he will owe another filing fee when he files a second action after exhausting administrative remedies. The Court cannot excuse the exhaustion of administrative remedies requirement at this time because the issue is not yet ripe, in that there is not even a complaint on file. If, notwithstanding this information, Mr. Rowland still wants to file a complaint in this action, he must file that complaint and a completed *in forma pauperis* application no later than **August 24, 2015**. No further extensions should be expected.

IT IS SO ORDERED.

Dated: July 30, 2015

_____
EDWARD M. CHEN
United States District Judge